# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JADE HOSPITALITY, LLC; SAIL
HOLDINGS, LLC; ANUP SHAH;
SHARES HOSPITALITY, LLC;
CALATEX HOTEL GROUP, LLC;
SAGESTAR HOLDINGS, LTD.;
SAGESTAR MANAGEMENT GP, LLC;
MEHUL PATEL; SULPHUR HOTEL
GROUP, LLC; NIMESH ZAVER;
KERRINGTON PROPERTIES, LTD.;
TRISTAR HOTELS GROUP, LLC; and
KIRAN SHAH,

        **Plaintiffs,**

-vs-                                Case No. 6:10-cv-1790-Orl-31GJK

CHOICE HOTELS INTERNATIONAL,
INC.,

        **Defendant.**

_____

# ORDER

Defendant, Choice Hotels, International, Inc. ("Choice") has filed a Motion to Stay or Dismiss this case pending arbitration (Doc. 17). Plaintiffs filed a response in opposition (Doc. 31) and Defendants replied (Doc. 36).

Plaintiffs are a collection of hotel franchises from Florida, Louisiana, Texas and Missouri, operating under franchise agreements with Choice. Plaintiffs claim that Choice has violated certain terms of the franchise agreement. *See* Doc. 1, exhibits 2-9. Plaintiffs seek damages and class action status pursuant to Fed.R.Civ.P. 23.

Each of the franchise agreements in question contains an arbitration provision with nearly identical language. *(See* Doc. 1-2 at 18.) That provision states:

> Except for our claims against you for indemnification or actions seeking to enjoin you from using any of . . . our intellectual Property (including the Brand Marks) or the Choice-Related Words in violation of the Agreement, any controversy or claim arising out of or relating to this Agreement, or the breach of his Agreement, including any claim that this Agreement or any part of this Agreement is invalid, illegal, or otherwise voidable or void, as well as any claim that we violated any laws in connection with the execution or enforcement of this Agreement and any claim for declaratory relief, will be sent to final and binding arbitration.

Defendant contends that this mandatory arbitration agreement precludes this Court proceeding.

Plaintiffs oppose the motion on two grounds. First, Plaintiffs contend that because they brought this case as a class action, and because there is no provision in the contract to arbitrate class action claims, arbitration is inappropriate. In support of this contention, Plaintiffs cite to *Stolt-Nielsen S.A. v. Animalfeeds Int'l Corp.*, 559 U.S. ___, 130 S. Ct. 1758, 176 L.Ed.2d 605 (2010). Second, Plaintiffs claim that the arbitration provision is unconscionable and therefore unenforceable. Neither contention has merit. *Stolt-Nielsen* stands for the proposition that parties that have agreed to arbitration cannot be compelled to engage in *class-action* arbitration solely on that basis; but it does not allow those parties to avoid arbitration entirely. And the evidence of unconscionability presented by these Plaintiffs – essentially, that the franchise agreements were non-negotiable, and that they allow the franchisor to avoid arbitration as to some claims it might assert – fall far short of meeting their burden. This is not a dispute involving consumers allegedly hoodwinked or bullied into giving up their rights. These agreements were entered into by

sophisticated business people on both sides, and there is no evidence that the franchisees did not (or could not) understand the agreement they were making.

Defendant's Motion is, therefore, due to be granted. It is, therefore

**ORDERED** that the Defendant's Motion to Stay or Dismiss Pending Arbitration (Doc. 17) is **GRANTED**. This action is **STAYED** in all respects until further Order of the Court. Beginning on June 1, 2011, and every 90 days thereafter, counsel for the Defendant shall file a status report regarding the arbitration proceedings. The Clerk is directed to administratively close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 4, 2011.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Unrepresented Party